```
 1
 2
 3
 4
 5
 6
 7
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| FERNANDO FIERRO, | ) NO. CV 10-9711-GW(E) |
|---|---|
| Petitioner, | ) |
| v. | ) ORDER ACCEPTING FINDINGS, |
| URIBE DOMINGO, JR., Warden, | ) CONCLUSIONS AND RECOMMENDATIONS OF |
| Respondent. | ) UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. The Court accepts and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that Judgment be entered dismissing the First Amended Petition without leave to amend, but without prejudice.

///
///
///
///

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on Petitioner, and counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: *February 28, 2012* ~~2011~~

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE

```
 1
 2
 3
 4
 5
 6
 7
 8                      UNITED STATES DISTRICT COURT
 9                     CENTRAL DISTRICT OF CALIFORNIA
10
11  FERNANDO FIERRO,              )  NO. CV 10-9711-GW(E)
                                  )
12              Petitioner,       )
                                  )
13        v.                      )  REPORT AND RECOMMENDATION OF
                                  )
14  URIBE DOMINGO, JR., Warden    )  UNITED STATES MAGISTRATE JUDGE
                                  )
15              Respondent.       )
                                  )
16  _____)
17
```

18      This Report and Recommendation is submitted to the Honorable

19 George H. Wu, United States District Judge, pursuant to 28 U.S.C.

20 section 636 and General Order 05-07 of the United States District

21 Court for the Central District of California.

22

23                              **PROCEEDINGS**

24

25      Petitioner, a state prisoner, filed a "Petition for Writ of

26 Habeas Corpus" on December 17, 2010.  Respondent filed an Answer on

27 February 2, 2011, contending that the Petition was unexhausted because

28 of the pendency of a habeas corpus petition Petitioner filed in the

California Supreme Court in <u>In re Fernando Fierro</u>, California Supreme Court case number S188944. On February 8, 2011, Petitioner filed a "Motion for Leave to File Amended Petition" ("Motion to Amend") to which was attached a proposed First Amended Petition. The Motion to Amend and proposed First Amended Petition bore an address for Petitioner at a correctional institution in Tutwiler, Mississippi. Petitioner did not file any notice of change of address with the Court, however.

On February 14, 2011, Respondent filed an Opposition to the Motion to Amend, again arguing that Petitioner's claims were unexhausted because of the pending California Supreme Court habeas petition in case number S188944. On April 19, 2011, the Court issued a Minute Order observing that, according to the California Supreme Court's docket, Petitioner filed a motion to dismiss his California Supreme Court petition in case number S188944 on February 28, 2011. The Court ordered Respondent to reevaluate Respondent's position with regard to the Motion to Amend in light of Petitioner's February 28, 2011 motion to dismiss the California Supreme Court petition.

On April 20, 2011, Respondent filed a Revised Opposition to the Motion to Amend. On April 20, 2011, the Court issued a Minute Order granting the Motion to Amend, ordering the First Amended Petition to be filed, and ordering Respondent to file an Answer to the First Amended Petition.

On July 6, 2011, Respondent filed an Answer to the First Amended Petition. Petitioner did not file a Reply within the allotted time.

1  On August 15, 2011, the Magistrate Judge ordered Petitioner to file a
2  Reply within twenty (20) days of the date of the Order. Petitioner
3  did not file a timely Reply. Therefore, on September 22, 2011, the
4  Magistrate Judge filed a Report and Recommendation, recommending
5  dismissal of the First Amended Petition without prejudice for failure
6  to prosecute.
7
8  On September 26, 2011, Petitioner filed a "Response to
9  Respondent's Answer to First Amended Petition, etc." ("Response") and
10 a Notice of Change of Address. In light of the Response, the Report
11 and Recommendation filed September 22, 2011, is withdrawn.
12
13                              **BACKGROUND**
14
15     A jury found Petitioner guilty of assault with a deadly weapon, a
16 knife, and infliction of corporal injury on a spouse or cohabitant,
17 and found true the allegation that Petitioner personally used a deadly
18 weapon, a knife (Respondent's Lodgment 2). Petitioner admitted two
19 prior conviction allegations and a prior prison term allegation
20 (Respondent's Lodgment 3). The court sentenced Petitioner to a prison
21 term of seventeen years (Respondent's Lodgment 4).
22
23     The Court of Appeal affirmed the judgment (Respondent's Lodgment
24 6; see People v. Fierro, 2009 WL 2278515 (Cal. App. July 30, 2009).
25 Petitioner filed a pro se petition for review in the California
26 Supreme Court, which that court denied summarily on October 14, 2009
27 (Respondent's Lodgments 7, 8).
28 ///

On December 10, 2010, Petitioner filed a habeas corpus petition in the California Supreme Court in case number S188944 (Respondent's Lodgment 9). As previously indicated, on February 28, 2011, Petitioner filed a motion to dismiss his California Supreme Court petition (see Respondent's second Lodgment 11).[1] On May 6, 2011, the California Supreme Court ordered the petition in case number S188944 withdrawn (Respondent's second Lodgment 11).

### PETITIONER'S CONTENTIONS

Petitioner contends:

1. The trial court imposed an upper term sentence in alleged violation of the principles set forth in Cunningham v. California, 549 U.S. 270 (2007), Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000);

2. Petitioner's trial counsel allegedly rendered ineffective assistance in a number of ways, including assertedly: (1) failing to challenge the constitutionality of Petitioner's upper term sentence; (2) failing to investigate the victim's physical, mental and emotional state and alleged use of prescription medications; (3) failing to call expert witnesses; (4) failing to investigate an alleged alibi witness;

---

[1] Respondent lodged a Lodgment 11 on April 20, 2011, consisting of the California Supreme Court's docket in Petitioner's habeas action, bearing a print date of April 19, 2011. Respondent filed a second Lodgment 11 on July 6, 2011, consisting of the California Supreme Court's docket, bearing a print date of June 13, 2011. The Court's reference to "Lodgment 11" refers to the latter document.

1  (5) failing to challenge the sufficiency of the evidence; and
2  (6) failing to assert Petitioner's alleged innocence;

3.  Petitioner's appellate counsel allegedly rendered ineffective assistance, by assertedly: (1) failing to raise on appeal Petitioner's Cunningham claim and Petitioner's claims of ineffective assistance of trial counsel; and (2) failing to file a petition for review in the California Supreme Court on Petitioner's behalf; and

4.  The prosecutor allegedly committed misconduct by presenting the victim's assertedly false testimony.

## DISCUSSION

A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies. 28 U.S.C. § 2254(b) - (c); Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." O'Sullivan v. Boerckel, 526 U.S. at 844. The exhaustion requirement seeks to avoid "the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." Id. at 844-45 (citations, internal brackets and quotations omitted). Exhaustion is considered on a "claim-by-claim"

1  basis. Insyxiengmay v. Morgan, 403 F.3d 657, 667 (9th Cir. 2005).
2  Petitioner bears the burden to show compliance with the exhaustion
3  requirement. See, e.g., Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th
4  Cir. 1981), cert. denied, 455 U.S. 1023 (1982); see also Brown v.
5  Cuyler, 669 F.2d 155, 158 (3d Cir. 1982); Porter v. McEwen, 2011 WL
6  4433648, at *1 (S.D. Cal. Sept. 22, 2011).

8  State remedies have not been exhausted unless and until the
9  petitioner's federal claims have been fairly presented to the state's
10 highest court. See Castille v. Peoples, 489 U.S. 346, 350-51 (1989);
11 James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935
12 (1994). A claim has not been fairly presented unless the petitioner
13 has described in the state court proceedings both the operative facts
14 and the federal legal theory on which his or her claim is based.
15 Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Anderson v. Harless, 459
16 U.S. 4, 6 (1982); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir.
17 1999).

19 In his petition for review to the California Supreme Court,
20 Petitioner presented only the claim that the trial court assertedly
21 erred in admitting evidence of Petitioner's prior act of domestic
22 violence, a claim not raised in the present First Amended Petition
23 (see Respondent's Lodgment 7). Although Petitioner's habeas corpus
24 petition filed in the California Supreme Court in case number S188944
25 appears to have contained the claims raised in the present First
26 Amended Petition (see Respondent's Lodgment 9), Petitioner withdrew
27 that petition. In his Response, Petitioner alleges that he has a
28 petition pending in the California Supreme Court, and expects that

1  court to rule on the allegedly pending petition in the near future
2  (see Response, p. 3). The Court takes judicial notice of the
3  California Supreme Court's docket, available on the California court's
4  website at www.courts.ca.gov. See Porter v. Ollison, 620 F.3d 952,
5  954-55 n.1 (9th Cir. 2010) (taking judicial notice of state court
6  dockets). The California Supreme Court's docket, a copy of which is
7  attached hereto, does not show any petition filed by anyone named
8  Fernando Fierro since the filing of the petition in case number
9  S188944. Petitioner's apparent belief that the petition in case
10 number S188944 is still pending evidently is mistaken.
11
12      Petitioner's withdrawal of his California Supreme Court petition
13 in case number S188944 deprived the California Supreme Court of the
14 opportunity to rule on the merits of Petitioner's present claims.
15 Hence, the claims asserted in the present First Amended Petition are
16 unexhausted. See Ellman v. Davis, 42 F.3d 144, 148 (2d Cir. 1994),
17 cert. denied, 515 U.S. 1118 (1995) ("Ellman clearly failed to exhaust
18 his state remedies by withdrawing his state appeal."); Reese v.
19 Barone, 2009 WL 1609419, at *3 (W.D. Pa. June 9, 2009) ("The
20 petitioner withdrew his appeal . . . and for this reason has failed to
21 exhaust the state court remedies which were available to him"); Wright
22 v. Kearney, 2006 WL 839356, at *2 (D. Del. Mar. 29, 2006) ("By
23 voluntarily dismissing his state appeal, Wright deprived the Delaware
24 Supreme Court of a full and fair opportunity to address his habeas
25 claims.") (citation omitted); Gallagher v. Bock, 2002 WL 31772019, at
26 *2 (E.D. Mich. October 28, 2002) (where petitioner withdrew his appeal
27 to the state supreme court before that court had considered his
28 claims, federal petition asserting those claims was unexhausted); cf.

Thomason v. Smith, 442 F.2d 1330, 1330-31 (5th Cir. 1971) (claims not exhausted where state supreme court dismissed appeal for lack of prosecution).

Petitioner still may be able to present his unexhausted claims to the California Supreme Court. See, e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993) ("[H]abeas Corpus has become a proper remedy in this state to collaterally attack a judgment of conviction which has been obtained in violation of fundamental constitutional rights.") (citations and quotations omitted); Mendez v. Superior Court, 87 Cal. App. 4th 791, 799, 104 Cal. Rptr. 2d 839 (2001) (claim that conviction was obtained in violation of fundamental constitutional rights may be raised by state habeas petition; citation and internal quotations omitted).[2]

In certain circumstances, the Court has authority to stay a "mixed" petition containing both exhausted and unexhausted claims. See Rhines v. Weber, 544 U.S. 269 (2005); King v. Ryan, 564 F.3d 1133 (9th Cir. 2009), cert. denied, 130 S. Ct. 214 (2009). However, the First Amended Petition is not mixed, but rather is completely unexhausted. The Court cannot stay a completely unexhausted petition.

---

[2] The Court expresses no opinion concerning whether consideration of a state habeas petition might be foreclosed by the principles discussed in In Re Clark, 5 Cal. 4th 750, 763-87, 21 Cal. Rptr. 2d 509, 517-34, 855 P.2d 729 (1993). The California Supreme Court should evaluate this matter in the first instance. Moreover, even if there exists an applicable state procedural bar, the California Supreme Court nevertheless might choose to reach the merits of Petitioner's claims. See, e.g., Park v. California, 202 F.3d 1146 (9th Cir.), cert. denied, 531 U.S. 918 (2000).

8

1 See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).
2 Therefore, the First Amended Petition should be dismissed without
3 prejudice. See Rule 4 of the Rules Governing Section 2254 Cases in
4 the United States District Courts.

**RECOMMENDATION**

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) accepting and adopting this Report and Recommendation; and (2) dismissing the First Amended Petition without leave to amend, but without prejudice.

DATED: September 30, 2011.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.

If the District Judge enters judgment adverse to Petitioner, the District Judge will, at the same time, issue or deny a certificate of appealability. Within twenty (20) days of the filing of this Report and Recommendation, the parties may file written arguments regarding whether a certificate of appealability should issue.

# CALIFORNIA APPELLATE COURTS
## Case Information



| Supreme Court | **Search Results - Supreme Court** | **Change court** |

**Search by Case Party**
Last Name or Organization: Fierro
First Name: Fernando

<< Search screen
1 - 3 of 3 Records Found.

Click on the case number for more information about a case.

| Supreme Court Case Number | Court of Appeal Case Number | Trial Court Case Number |
|---|---|---|
| S188944 FIERRO (FERNANDO) ON H.C. | | |
| S175906 PEOPLE v. FIERRO | B208859 | MA040903 |
| S015915 FIERROS, FERNANDO v. LOS ANGELES COUNTY SUPERIOR COURT | B050120 | BA014965 |

© 2009 Judicial Council of California